798 F.2d 1417
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
DEPARTMENT OF MENTAL HEALTH, STATE OF OHIO; Donald E.
Widmann, M.D., Individually and Official Capacity; Timothy
B. Mortiz, M.D., Individually and Official Capacity; Myers
R. Kurtz, Individually and Official Capacity, Defendants-Appellees.
 No. 85-3221.
 United States Court of Appeals, Sixth Circuit.
 July 21, 1986.
 
 Before LIVELY, Chief Judge, MILBURN, Circuit Judge, and PECK, Senior Circuit Judge.
 
 
 1
 Wrenn appeals pro se from the district court's order denying his motion for a preliminary injunction in this employment discrimination case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Wrenn was discharged from his position as superintendent of the Toledo Mental Health Center. His complaint against the defendants alleges that the discharge was motivated by racial and age discrimination. The district court's order denied various motions by the parties and denied Wrenn's motion for a preliminary injunction. Wrenn then appealed.
 
 
 3
 Generally, where the district court's order contains the denial of a preliminary injunction and other rulings, a court of appeals should limit its review to the injunctive relief issue. ALexander v. Aero Lodge No. 735, 565 F.2d 1364, 1370 (6th Cir. 1977), cert. denied, 436 U.S. 946 (1978). The criteria for the granting of a preliminary injunction are whether the moving party can show a substantial likelihood of success on the merits, whether plaintiffs have shown irreparable harm, whether the issuance of the preliminary injunction would cause substantial harm to others, and whether a preliminary injunction would be in the public interest. Mason County Medical Assoc. v. Knebel, 563 F.2d 256, 261 (6th Cir. 1977). The district court denied a preliminary injunction because Wrenn's allegations were conclusory.
 
 
 4
 Construing Wrenn's motion for a preliminary injunction by a less stringent standard than that required of a lawyer, Haines v. Kerner, 404 U.S. 519, 520 (1972), we note that the EEOC did enter a finding of probable cause that discrimination had occurred. This finding is some evidence showing a likelihood of success on appeal. However, Wrenn cannot show irreparable harm. In Aluminum Workers International v. Consolidated Aluminum Corp., 696 F.2d 437, 443 (6th Cir.1982), this Court held that loss of employment is not irreparable harn.
 
 
 5
 Wrenn also argues that the defendants repeatedly gave him adverse recommendations when he applied for new employment with various other employers. However, the addendum to Wrenn's brief indicates that he has been gainfully employed since 1983. Therefore, he cannot show irreparable harm on this issue.
 
 
 6
 The order of the district court denying the preliminary injunction is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.